JULIA MICHELS, Indiv. and as Independent Ex'r of the Estate of George J. Michels, Deceased, Plaintiffs-Appellees, v. RICHARD C. ROMANOW *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 1—94—3580

Opinion filed March 13, 1996.—Rehearing denied May 30, 1996.

Benjamin P. Hyink and Regina A. Scannicchip, both of Chicago, for appellants.

Robert R. Benjamin and Beverly A. Berneman, both of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Defendants, Richard C. Romanow, Petra C. Romanow, Chicago Title and Trust, as trustee under trust dated March 31, 1982, and known as trust No. 677388, Rick O'Shay, Inc., and unknown owners and nonrecord claimants, ostensibly appeal from two orders of the circuit court of Cook County granting summary judgment in favor of plaintiffs, Julia Michels (hereinafter Julia), individually, and as independent executor of the estate of George J. Michels, deceased. Defendants assert that this court has jurisdiction under Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we dismiss defendants' appeal.

■ Section 6 of article VI of our 1970 Illinois Constitution provides as follows:

"§ 6. Appellate Court—Jurisdiction

Appeals from *final judgments* of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal. The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts. The Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review. The Appellate Court shall have such powers of direct review of administrative action as provided by law." (Emphasis added.) Ill. Const. 1970, art. VI, § 6.

Supreme Court Rule 301 provides as follows:

"Rule 301. Method of Review

Every *final judgment* of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding." (Emphasis added.) 134 Ill. 2d R. 301.

Supreme Court Rule 303(a)(1) provides, in pertinent part, as follows:

"Rule 303. Appeals from *Final Judgments* of the Circuit Court in Civil Cases

(a) Time; Filing; Transmission of Copy.

(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of *a final judgment* appealed from ***." (Emphasis added.) 134 Ill. 2d R. 303(a)(1).

■ In the case *sub judice*, the orders that defendants ostensibly appeal from were entered on September 6, 1994, and September 9, 1994. The September 6 order entered summary judgment against defendants in favor of Julia, as independent executor of the estate of George J. Michels, in the amount of $47,750.27 and set September 16, 1994, as the date for Julia "to submit a draft order for judgment of foreclosure." Subsequent to the interlocutory September 6 order, defendants paid the entire amount due to Julia. Consequently, in its order of September 9, 1994, which was drafted by defendants' counsel, the trial court struck the September 16 status date and *dismissed* "[a]ll matters herein pending." Thus, the case was *dismissed* without *a final judgment* ever having been entered. In other words, the September 9 order simply wiped the slate clean. Consequently, this court is without jurisdiction to entertain defendants' appeal because there is no final judgment within the meaning of our state constitution and Supreme Court Rules 301 and 303.

■ We note that in their brief plaintiffs requested that this court sanction defendants, for filing this appeal, pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). We decline to do so.

In light of the foregoing, the appeal is dismissed.

Appeal dismissed.

RIZZI, P.J., and CERDA, J., concur.